In the Matter of the Application of Brooklyn Bar Association in Respect of Sidney Gondelman, an Attorney and Counselor at Law, Respondent.— Proceeding to discipline an attorney. The real issue before the official referee was as to the truthfulness of the story of Mazzola on the one hand and of respondent on the other. Did respondent procure Mazzola to bear false witness? At the time that Mazzola testified on the trial in the Supreme Court he was about twenty years of age, had been an attendant for some time at a high school, lived at home with his parents and worked for his father. He had never before been charged with crime or any other wrongdoing. Although he was an evasive witness and his testimony at times was inconsistent and contradictory, the official referee might have found that he had not been coerced; that it would have been easier for him if he had remained silent or maintained the truth of his original story, for then he would have incurred no further trouble; and that there was no real reason which led him

to " share the crime " with respondent, except a willingness to tell the truth and a promise of immunity from prosecution. It was not shown that respondent had refused to give him a promised reward or had in any way treated him unkindly or involved him. The respondent appeared before the official referee as one whose credibility had been rudely shaken on a prior experience before this court (*Matter of Gondelman*, 225 App. Div. 462), where, among other things, he was found to have given false testimony. It is not a case where the confession of an informer is to be weighed against a person of theretofore unblemished credibility, for the reinstatement of respondent to the Bar (*Matter of Gondelman*, 236 App. Div. 704) did not erase his wrong. There were facts and circumstances which, coupled with respondent's failure to produce important documents to sustain his claim, justified the official referee in his decision that Mazzola, as a material witness at the Supreme Court trial, was the creation of respondent. The learned official referee has had extensive and various experience as lawyer and justice of the Supreme Court at Trial Term and in the Appellate Division. He has had the opportunity of observing the witnesses and determining the value of their testimony. His views are entitled to serious consideration. After careful reading and analysis of this record the court is constrained to confirm the recommendation of the official referee and to direct that respondent be disbarred. The report of the official referee, recommending disbarment of the respondent is confirmed, respondent disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.